CHANCERY.     Patrick's Heirs *vs* John White's Heirs, &c.

*Case* 67.                  APPEAL FROM THE FAYETTE CIRCUIT.

*Partition.    Parties.    Practice.*

*April* 10.      CHIEF JUSTICE EWING delivered the opinion of the Court.

ISAAC PATRICK's heirs filed their bill  in  this case, for
The case stated.  the recovery and partition among the heirs of Elizabeth and John Patrick, of another portion of the 1400 acres of land described in the case of *E. Patrick's heirs* vs *Chenault and others*, just disposed of, about 500 acres of which John Patrick died in possession.   They alledge that the defendants had purchased and acquired the interest of all the other ten heirs, and call upon the defendants to exhibit their title.   The defendants answer, exhibiting the different links in the chain of their titles, admit that they had acquired the titles of all the other heirs, and deny every material allegation.

The Circuit Court dismissed the complainants' bill
Decree of the  without prejudice, and also a cross bill filed by the de-
Circuit Court.  fendants.

The bill was properly dismissed, as well for the reasons given in the case of *E. Patrick's heirs* vs *Chenault*,

so far as they apply, as for the reason alledged in the opinion that the other nine heirs were not made parties.

If the partition among the heirs, made by the County Court was void as to one, it was void as to all the heirs, and the legal title attempted to be conveyed by Commissioners, was not passed out of any of them. If a re-partition is to be made, it must be made among all. The admission of the defendants, that they had acquired all the interest of the other heirs, can only be understood, when taken in connection with their whole answers, as an admission that they had acquired the interest by the deeds of conveyance which they exhibit as evidence of their title. Those deeds purport to be conveyences by each heir in severalty, of the parts allotted to each under the void division ordered by the County Court. Such conveyances could only have the operative effect to pass the legal title of each heir to the one tenth part of the parcel allotted to each, and the legal title as to the nine tenths, would still remain with them. They were therefore proper and necessary parties to the complainants' bill for partition, and not being so made, their bill was properly dismissed without prejudice.

Besides, we cannot confide in the statements of the only witness by whom the names and heirship of the complainants are proven. He is made to swear to things as facts known to him, which occurred when he was less than a year old, and to others which occurred long before he was born. He is a relative, and has either been deluded into a detail of facts of which he could know nothing, or was a willing witness, and ready to depose to any thing which he conceived advantageous to the complainants. A witness who thus deposes, cannot be confided in as to any *fact* stated by him, which stands uncorroborated by other testimony.

The Chancellor, it is true, after the submission, might have suggested the want of necessary parties, and given time to make them. But this was not his duty, nor a matter of right which the complainants or their counsel, having set down the case for hearing, had a right to demand, nor has it ever been cause of reversal in this Court. Indeed, the old practice was, always to dismiss without

PATRICK'S H'RS.
*vs*
WHITE'S  H'RS.
&C.

If upon a division among heirs conveyances be made by each heir separately, of his part only, they pass the legal title to each separate proportion, but not to the whole extent.

Example of a witness whose testimony is not to be believed from his own statements, from the impossibility of his knowing the facts stated, if true.

When complainant sets down a chancery cause for hearing, the Chancellor may dismiss the bill if the proper parties be not made. If the bill contains equity, the dis-

mission should
be without pre-
judice. It was
the practice of
this Court when
a bill containing
equity had been
dismissed abso-
lutely, to reverse
and direct a dis-
mission without
prejudice.

prejudice, when the proper parties were not made ; and it was the practice of this Court when the bill was dismissed absolutely, and good grounds of equity were stated, but the proper parties not made, to reverse the decree dismissing absolutely, and remand the cause, directing it to be dismissed without prejudice. And this was certainly the best practice to stimulate counsel and clients to vigilance in the preparation of their causes.

The decree of the Circuit Court is affirmed, upon the errors and cross errors.

*Turner, and Robinson & Johnson* for appellants : *Caperton and Robertson* for appellees.

---

EJECTMENT.

*Case 68.*

April 10.

Case stated and
evidence.

Instructions of
the Circuit Court